UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:21-cv-00569-FDW-DCK

| | |
|---|---|
| DUFFY ARCHIVE LIMITED, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **DEFAULT JUDGMENT**<br>) **and**<br>) **PERMENANT INJUNCTION** |
| MOGUL MOMENTS, LLC, | )<br>) |
| Defendant. | )) |

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment, (Doc. No. 11). Defendant has not responded to the instant motion, and the time for doing so has expired. The Court having reviewed the Motion for Default Judgment and Memorandum of Law in support of the same, the pleadings, and applicable law, hereby ORDERS AND ADJUDGES as follows:

1. Plaintiff's Motion for Default Judgment against Defendant is hereby GRANTED for the reasons stated in the Motion and supporting Memorandum. In so ruling, the Court hereby adopts and incorporates the arguments and authorities cited therein. (Doc. Nos. 11, 11-1).

2. Default was entered against Defendant on March 4, 2022. (Doc. No. 9). Accordingly, all the facts and allegations in the Complaint are deemed admitted by Defendant.

3. Plaintiff became owner of all rights in the Work[1] in 2010 pursuant to a written assignment from Brian Duffy and has maintained such ownership since that time without interruption. Plaintiff registered its ownership of the Work with the United States Copyright Office on September 21, 2017, under Registration Number VA 2-068-612.

---

[1] Brian Duffy was a photographer famous for working with David Bowie during his peak years. In 1973, Duffy created the photograph "Z_1258_11.jpg," also called "Aladdin Sane – Eyes Open" (hereinafter, the "Work"), during a photoshoot of Bowie.

4.    It is uncontested that Plaintiff owns a valid copyright for the Work; Defendant copied the Work without permission or authorization; and Defendant published the Work to its Instagram account.

5.    Defendant has infringed on Plaintiff's copyright in violation of the Copyright Act, 17 U.S.C. § 501.

6.    Defendant's acts of infringement are willful.

7.    Plaintiff is entitled to recover statutory damages of $45,000 pursuant to 17 U.S.C. § 504, as well as reasonable attorneys' fees in the amount of $5005.00 and costs in the amount of $429.15 pursuant to 17 U.S.C. § 505.

NOW, THEREFORE, the Court hereby finds Plaintiff has succeeded on all claims, irreparable harm will result without this permanent injunction, and the balance of equities and public interest support the following permanent injunction to prevent infringement of its copyright, pursuant to 17 U.S.C. § 502:

The Court hereby ORDERS Defendant, including its agents, employees, representatives, successors, and assigns, are hereby permanently enjoined from using the Work.

IT IS FURTHER ORDERED Plaintiff is also hereby awarded statutory damages of $45,000 pursuant to 17 U.S.C. § 504, attorneys' fees, expenses, and costs incurred in connection with this action, pursuant to 17 U.S.C. § 505 and/or North Carolina law.

This Court shall retain jurisdiction over this matter for the purpose of making any further orders necessary or proper for the construction of this Judgment, the enforcement thereof, and the punishment of any violations thereof. The Clerk is respectfully directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: October 4, 2022

Frank D. Whitney
United States District Judge